UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

Santiago Jimenez
and other similarly situated individuals,

      Plaintiff(s),

v.

D & A Home Specialty Services LLC,
and Francisco Febles, individually

      Defendant,

_____/

## <u>COLLECTIVE ACTION COMPLAINT</u>
(OPT-IN PURSUANT TO 29 USC § 216(b))

COMES NOW the Plaintiff Santiago Jimenez  and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants D & A Specialty Services LLC, and Francisco Febles, individually, and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid half-time overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Santiago Jimenez is a resident of Tampa, Hillsborough County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant D & A Specialty Services (from now on, Defendant D & A Specialty, or Defendant) is a Florida corporation having a place of business in Tampa, Hillsborough County, Florida. Defendant was and is engaged in interstate commerce.

4. The individual Defendant Francisco Febles is the owner/partner and manager of D & A Specialty. This individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this complaint took place in Hillsborough County, Florida, within the jurisdiction of this Court.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiff Santiago Jimenez as a collective action to recover from Defendant regular wages, overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted

class") and who worked in excess of forty (40) hours during one or more weeks on or after September 2020, (the "material time") without being properly compensated.

7. Defendant, D & A Specialty, is a construction and remodeling company located at 12007 Hope Lane, Tampa, Florida 33618, where Plaintiff worked.

8. Defendants D & A Specialty and Francisco Febles employed Plaintiff Santiago Jimenez as a construction employee from September 01, 2020, to May 20, 2022, or 89 weeks.

9. Plaintiff was hired as a non-exempted full-time construction employee. Plaintiff's wage rate was set at $200.00 daily or $1,000 weekly.

10. Plaintiff worked under the supervision of the owner of the business, Francisco Febles. Plaintiff's duties included all kinds of construction work.

11. During his employment with Defendant, Plaintiff had a regular schedule. He worked 5 days per week, from Monday to Friday from 7:30 AM to 6:00 PM (10.5 hours daily), Plaintiff completed 52.5 every week. Plaintiff was unable to take bonafide lunch periods.

12. Plaintiff worked in excess of 40 hours every week, but he always received the same amount regardless of the number of hours worked during the week. Plaintiff was not paid for overtime hours as required by law.

13. Defendant did not use any time-keeping device, but Defendant could track the hours worked by Plaintiff and other similarly situated employees because Plaintiff worked under the supervision of the owner of the business Francisco Febles.

14. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

15. Plaintiff was paid weekly through Zelle, without paystubs providing information about the number of days and hours worked, etc.

16. Plaintiff never agreed with the lack of payment for overtime hours, and he complained to Francisco Febles many times, but the problem was not fixed.

17. On or about Friday, May 20, 2022, Plaintiff complained to Francisco Febles about late payments and unpaid overtime wages.

18. As a result of Plaintiff's complaints, Defendants fired Plaintiff on or about May 22, 2022.

19. Plaintiff Santiago Jimenez seeks to recover half-time overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

20. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid minimum and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>Collective Action Allegations</u>

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for overtime hours worked at the rate of time and one-half her regular rate.

23. This action is intended to include any D & A Specialty employee and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

24. Plaintiff Santiago Jimenez re-adopts e every factual allegation as stated in paragraphs 1-23 above as if set out in full herein.

25. Plaintiff Santiago Jimenez  brings this cause of action as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after September 2020,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant, D & A Specialty, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce by regularly and recurrently ordering supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

28. Defendants D & A Specialty and Francisco Febles employed Plaintiff Santiago Jimenez as a construction employee from September 01, 2020, to May 20, 2022, or 89 weeks.

29. Plaintiff was hired as a non-exempted full-time construction employee. Plaintiff's wage rate was set at $200.00 daily or $1,000 weekly.

30. During his employment with Defendant, Plaintiff had a regular schedule. He worked 5 days per week, a total of 52.5 every week. Plaintiff was unable to take bonafide lunch periods.

31. Plaintiff worked in excess of 40 hours every week, but he always received the same amount regardless of the number of hours worked during the week. Plaintiff was not paid for overtime hours as required by law.

32. Defendant did not use any time-keeping device, but Defendant could track the hours worked by Plaintiff and other similarly situated employees because Plaintiff worked under the supervision of the owner of the business Francisco Febles.

33. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

34. Plaintiff was paid weekly through Zelle, without paystubs providing information about the number of days and hours worked etc.

35. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

36. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

37. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that this amount is based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

Ten Thousand Six Hundred Two Dollars and 57/100 ($10,602.57)

    b.  <u>Calculation of such wages</u>:

Total number of weeks: 89 weeks
Total number of relevant weeks: 89 weeks
Total number of hours worked: 52.5 hours weekly
Total number of unpaid O/T hours: 12.5 hours weekly
Paid: $200.00 daily rate x 5 days=$1,000.00 wkly: 52.5 hrs.=$19.05
Regular rate: $19.05 x 1.5=$28.58- $19.05 O/T rate paid=$9.53 diff.
Half-time: $9.53

$9.53 x 12.5 O/T hours=$119.13 weekly x 89 weeks=$10,602.57

    c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages.

38. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

39. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated

these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

40. At times mentioned, individual Defendant Francisco Febles was the owner/partner and manager of D & A Specialty Club. The individual Defendant Francisco Febles was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in D & A Specialty's interests, concerning its employees, including Plaintiff and others similarly situated. Defendant Francisco Febles had financial and operational control of the business, and he determined the terms and working conditions of Plaintiff and other similarly situated employees. Defendant Francisco Febles is jointly and severally liable for Plaintiff's damages.

41. Defendants, D & A Specialty and Francisco Febles, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

WHEREFORE, Plaintiff Santiago Jimenez    and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Santiago Jimenez and other similarly-situated individuals and against Defendants D & A Specialty and Francisco Febles based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff Santiago Jimenez  actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff Santiago Jimenez demands a trial by jury of all issues triable as of right by jury.

## COUNT II
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

43. Plaintiff Santiago Jimenez re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

44. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

45. Defendant, D & A Specialty, was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce by regularly and recurrently ordering supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

46. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

47. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

48. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

49. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

50. Defendants D & A Specialty and Francisco Febles employed Plaintiff Santiago Jimenez as a construction employee from September 01, 2020, to May 20, 2022, or 89 weeks.

51. Plaintiff was hired as a non-exempted full-time construction employee. Plaintiff's wage rate was set at $200.00 daily or $1,000 weekly.

52. During his employment with Defendant, Plaintiff had a regular schedule. He worked 5 days per week, a total of 52.5 every week. Plaintiff was unable to take bonafide lunch periods.

53. Plaintiff worked in excess of 40 hours every week, but he always received the same amount regardless of the number of hours worked during the week. Plaintiff was not paid for overtime hours as required by law.

54. Defendant did not use any time-keeping device, but Defendant could track the hours worked by Plaintiff and other similarly situated employees because Plaintiff worked under the supervision of the owner of the business Francisco Febles.

55. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

56. Plaintiff was paid weekly through Zelle, without paystubs providing information about the number of days and hours worked etc.

57. Plaintiff never agreed with the lack of payment for overtime hours, and he complained to Francisco Febles many times, but the problem was not fixed.

58. These complaints constituted protected activity under the Fair Labor Standards Act.

59. On or about Friday, May 20, 2022, Plaintiff complained to Francisco Febles about late payments and unpaid overtime wages.

60. This complaint constituted protected activity under the Fair Labor Standards Act.

61. However, as a result of Plaintiff's complaints, Defendants fired Plaintiff on or about May 22, 2022.

62. At all times during his employment with Defendant, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

63. There is close proximity between Plaintiff's last protected activity and his termination.

64. Defendant's termination of Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

65. Plaintiff Santiago Jimenez seeks to recover half-time overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

66. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fees.

<u>Prayer for Relief</u>

WHEREFORE, Plaintiff Santiago Jimenez respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants D & A Specialty and Francisco Febles that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order Defendants D & A Specialty and Francisco Febles to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Santiago Jimenez further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Santiago Jimenez demands a trial by jury of all issues triable as a right by jury.

Dated: July 31, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_____**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*